**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CLARISSA TRIMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-CV-433-JFJ** |
| | ) | |
| **FEDEX OFFICE AND PRINT SERVICES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Untimely Jury Demand ("Motion to Strike") (ECF No. 38). For the reasons explained below, the Motion to Strike is **DENIED**.

### I.      Procedural History

Plaintiff Clarissa Trimble filed this civil action against Defendant in the District Court of Creek County, Oklahoma on September 16, 2021. ECF No. 2-1. Defendant removed the case to this Court and moved to dismiss Plaintiff's claims. ECF No. 5. United States District Judge Gregory Frizzell granted the motion on March 14, 2023, with leave to file an amended complaint. ECF No. 12.

Plaintiff filed a First Amended Complaint ("FAC") on March 28, 2023 (ECF No. 16). In the FAC, Plaintiff alleges Defendant discriminated against her based on race, gender, and pregnancy, and retaliated against her, in violation of Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, and the Oklahoma Anti-Discrimination Act. Defendant moved to dismiss the FAC. ECF No. 17. Judge Frizzell granted the motion in part, dismissing Plaintiff's

claim for retaliation in violation of Title VII and the Pregnancy Discrimination Act. ECF No. 24. Defendant filed its Answer on August 25, 2023. ECF No. 28.

In their Joint Status Report ("JSR"), Defendant disputed whether Plaintiff timely demanded a jury trial. ECF No. 32. After the parties consented to magistrate judge disposition, the Court held a scheduling conference on October 25, 2023. *See* ECF No. 35. During the scheduling conference, the parties agreed on a procedure for placing the jury demand dispute before the Court. In accordance with this procedure, Plaintiff filed a jury demand on October 25, 2023 (ECF No. 36), and Defendant filed the Motion to Strike (ECF No. 38). The Motion to Strike is now fully briefed and ripe for review.[1]

In the Motion to Strike, Defendant argues the jury demand was untimely under Local Civil Rule 81-1, and no jury trial should be permitted. Plaintiff argues that the jury demand was timely and, in the alternative, that a jury trial should be permitted in the Court's discretion under Federal Rule of Civil Procedure 39(b) ("Rule 39(b)").

## II. Analysis

The Court concludes that Plaintiff's jury demand was untimely filed under Local Civil Rule 81-1. However, in its discretion, the Court permits the jury trial demand out of time under Rule 39(b).

### A. Plaintiff's Jury Demand Was Untimely and Therefore Waived

The parties agree that Local Civil Rule 81-1, entitled "Removed Actions – Demand for Jury Trial," provides the applicable deadline for Plaintiff's jury demand. It provides: "Unless a written jury demand has been filed of record in state court, trial by jury is waived in any case

---

[1] In ordering Plaintiff to file a jury demand by a date certain, the Court did not intend to supplant or extend the deadline in Local Civil Rule 81-1. The Court merely intended to permit a briefing cycle on the timeliness issue raised in the JSR.

removed from a state court unless a demand for jury trial is filed and served within the time period provided under Fed. R. Civ. P. 38 and 81."

Some background on Rules 38 and 81 is helpful to interpreting the local rule. Rule 38 governs the general right to a jury trial. Rule 38(b)(1) states that a jury demand must be served "no later than 14 days after the last pleading directed to the issue is served." "The 'last pleading directed to the issue' is generally an answer." *Jones v. WATCO Companies, L.L.C.*, No. 13-CV-372-CVE-TLW, 2014 WL 642018, at *1 (N.D. Okla. Feb. 19, 2014) (citing *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990)). In a typical non-removed action, a party must demand a jury trial within fourteen days of the answer.

Rule 81 governs the applicability of the Federal Rules of Civil Procedure to particular proceedings. Rule 81(c) addresses the applicability of the rules to a civil action after removal from a state court, and Rule 81(c)(3) governs the demand for a jury trial in removed actions. Rule 81(c)(3) contains two provisions. Rule 81(c)(3)(A) provides:

> *As Affected by State Law.*  A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. *If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.*  The court must do so at a parties' request and may so order on its own.  A party who fails to make a demand when so ordered waives a jury trial.

(emphasis added). The rule aims to: (1) clarify that a jury demand in state court survives removal; and (2) avoid unintended waivers upon removal. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2319 (4th ed. 2023). Even where Rule 81(c)(3)(A) generally applies, a court may direct a more specific deadline by local rule or standing order to assist the court in "arranging its calendar and provide a means by which the other parties can ascertain whether the case will be tried by judge or jury." *Id.*  Rule 81(c)(3)(B) provides a more straight-forward deadline in cases where all pleadings have been served in state court prior to removal.

3

> *Under Rule 38.*  If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: (i) it files a notice of removal; or (ii) it is served with a notice of removal filed by another party.

If all necessary pleadings have not been served in state court prior to removal, "the usual Federal Rule Provisions, particularly [Rule 38(b) and Rule 81(c)(3)(A)], govern the time in which to demand a jury."  9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2319.

In this case, the following facts are not disputed: (1) Plaintiff did <u>not</u> demand a jury trial in state court, which triggers the local rule's cross reference to Rules 38 and 81; (2) Oklahoma law did <u>not</u> require Plaintiff to demand a jury trial, which triggers general application of Rule 81(c)(3)(A); and (3) all necessary pleadings had <u>not</u> been served at the time of removal, which renders Rule 81(c)(3)(B) inapplicable.  Under these precise circumstances, Defendant argues that Local Civil Rule 81-1 incorporates a 14-day deadline from Federal Rule of Civil Procedure 38(b)(1).  Plaintiff argues the local rule incorporates the open-ended deadline in Federal Rule of Civil Procedure 81(c)(3)(A).

Following unpublished case law in this district, the Court finds that Rule 38(b), rather than Rule 81(c)(3)(A), provides the jury demand deadline in this case.  Although Rule 81(c)(3)(A) is generally applicable, Local Civil Rule 81-1 forecloses reliance on any open-ended deadline stated in Rule 81(c)(3)(A).  Judges in this district have consistently interpreted Local Civil Rule 81-1 to mean: (1) the 14-day deadline stated in Rule 38(b)(1) applies in all cases where all necessary pleadings have *not* been served prior to removal, regardless of whether state law required a jury demand; and (2) the 14-day deadline stated in Rule 81(c)(3)(B) applies in all cases where "all necessary pleadings" *have* been served at the time of removal.  *See Jones*, 2014 WL 642018, at *1 & n.2 (interpreting Local Civil Rule 81-1) (finding Rule 81(c)(3)(A)'s open-ended deadline for

jury demand inapplicable where "all necessary pleadings" had not been served at time of removal, and applying instead Rule 38(b)(1)'s 14-day deadline); *Shutrump v. Safeco Ins. Co. of Am.*, No. 17-CV-22-CVE-TLW, 2017 WL 11473919, at *1 (N.D. Okla. Mar. 13, 2017) (same); *Mahalxmi Hospitality, LLC v. Steadfast Ins. Co.*, No. 19-CV-591-GKF-FHM, 2020 WL 1663315, at *1 (N.D. Okla. Apr. 3, 2020) (same).   To the extent Plaintiff urges the Court to reject this case law, the Court declines to do so.

Contrary to Plaintiff's argument, this reading of Local Civil Rule 81-1 does not conflict with Rule 81(c)(3)(A).   Rule 81(c)(3)(A) provides that, in cases where state law did not require an express jury demand, a jury demand is not required after removal "unless the court orders the parties to do so within a specified time."   Here, this district provides that a party seeking a jury trial must file a jury demand "within the time period provided under Fed. R. Civ. P. 38 and 81." LCvR 81-1.   The Court reads this local rule to be a standing requirement to file the jury demand "within a specified time."   The "specified time" is that provided in Rule 38(b), which is incorporated into the local rule.   Rule 81(c)(3)(A) is both consistent with and limited by Local Civil Rule 81-1.   In short, the open-ended deadline in Rule 81(c)(3)(A) never applies in this district in a removed action, due to the more specific local rule and its reference to Rule 38.

Accordingly, in any removed action in which all necessary pleadings have *not* been served at the time of removal, Local Civil Rule 81-1 requires a party to file a jury demand no later than 14 days after the last pleading directed to the issue is served.   Plaintiff filed her jury demand on October 25, 2023, approximately two months after Defendant filed its answer to the FAC on August 25, 2023.   Plaintiff's jury demand was untimely because it was filed more than 14 days after service of the answer.

**B.     The Court Exercise Discretion to Order a Jury Trial Pursuant to Rule 39(b)[2]**

Plaintiff alternatively requests that the Court order a jury trial under Rule 39(b).  When no jury demand is properly made, Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  A decision to grant an untimely request for a jury trial is a discretionary one.  *See McQueen, Rains & Tresch, LLP v. Citgo Pet. Corp.*, No. 07-CV-314-CVE-PJC, 2008 WL 4936311, at *3 (N.D. Okla. Nov. 17, 2008).  "'[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial' if one is requested."  *Id.* (quoting *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992)).  In ruling on such a motion, the Court may consider:

> "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."

*Id.* (quoting *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

Considering the above factors, the Court concludes that Plaintiff's request for a jury trial should be granted.  First, this case involves employment discrimination and retaliation claims that are best tried before a jury.  Second, this case is in the discovery phase, with trial still eight months away, and granting a jury trial would not disrupt the Court's or Defendant's schedule.  Third, Defendant has not alleged any prejudice that would result from granting a jury trial, and the Court identifies no such prejudice.  Fourth, Plaintiff's jury demand was filed approximately six weeks late, which is not a significant amount of time given the early stage of the case.  Finally, Plaintiff's

---

[2] Because the Court grants Plaintiff's alternative request for jury trial pursuant to Fed. R. Civ. P. 39(b), the Court does not address Plaintiff's constitutional arguments regarding waiver of her right to a jury trial.

misreading of Local Civil Rule 81-1 caused his tardiness.  Case law interpreting the local rule is not published, and the rule is not entirely clear as written.[3]  Under these circumstances, the fifth factor also weighs in favor of granting a jury trial.  Considering all factors, the Court finds no "strong and compelling reasons" for denying Plaintiff's request for a jury trial.  The Court therefore exercises discretion under Rule 39(b) to grant a jury trial.

## III.  Conclusion

The Motion to Strike Jury Demand (ECF No. 38) is **DENIED**.

**SO ORDERED** this 17th day of January, 2024.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] Local Civil Rule 81-1 could be clearer by using precise deadlines or precise references to the federal rules.  For example, the rule could provide a specified deadline of "14 days after service of the last pleading directed to the issue triable of right by a jury or 14 days after service of the notice of removal, whichever is later."  Or the rule could require the jury demand be filed "within the time period provided under Fed. R. Civ. P. 38(b)(1) or Rule 81(c)(3)(B)."